# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARCUS D. SMITH,

    Appellant,

   v.

DEPARTMENT OF
  TRANSPORTATION,

    Agency.

DOCKET NUMBERS
AT-0752-05-0901-X-1
AT-0752-05-0901-X-2

DATE: January 3, 2017

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Elaine L. Fitch</u>, Esquire, Washington, D.C., for the appellant.

<u>Jennifer D. Ambrose</u>, Esquire, and <u>Russell B. Christensen</u>, Washington,
 D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The administrative judge issued two decisions—a recommendation and a compliance initial decision—finding the agency noncompliant with the April 25, 2012 Final Order in the underlying removal appeal.  MSPB Docket No. AT-0752-

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

05-0901-C-1, Compliance File (CF-1), Tab 5; MSPB Docket No. AT-0752-05-0901-C-2, Compliance File (CF-2), Tab 4.[2] Following referral to the Board, the Board joined the petitions for enforcement. For the reasons discussed below, we now find the agency in compliance and DISMISS the petitions for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## BACKGROUND

Referral from the Equal Employment Opportunity Commission (EEOC) and Compensatory Damages

¶2    On April 25, 2012, the Board issued a Final Order adopting the Equal Employment Opportunity Commission's finding that the agency retaliated against the appellant for his protected equal employment opportunity activity. The Board ordered the agency to cancel the appellant's 30-day suspension, restore him to duty effective August 1, 2005, and provide him appropriate back pay, with interest, and benefits. MSPB Docket No. AT-0752-05-0901-E-1, EEOC Referral File (EEOC), Tab 2 at 4; *Smith v. Department of Transportation*, MSPB Docket No. AT-0752-05-0901-E-1, Final Order (Apr. 25, 2012). The Board also forwarded the appellant's compensatory damages claim to the appropriate regional office for adjudication. *Id.* On August 24, 2012, the administrative judge issued an initial decision in the compensatory damages case awarding the appellant $175,000 in nonpecuniary compensatory damages and $1,122.84 in pecuniary damages. MSPB Docket No. AT-0752-05-0901-P-1, Compensatory Damages (CD) File, Tab 15, Initial Decision at 2. Neither party petitioned for review of that decision.

---

[2] The first decision was a recommendation because it was issued under the Board's pre-November 2012 regulations; the second decision was an initial decision because it was issued after the revised regulations took effect.

First Petition for Enforcement

¶3      On May 29, 2012, the appellant filed a petition for enforcement of the April 25, 2012 Final Order. On September 13, 2012, the administrative judge issued a recommendation finding the agency noncompliant. The administrative judge found that the agency had improperly placed the appellant in paid administrative leave status rather than canceling his 30-day suspension, as ordered, and failed to submit evidence showing it paid appropriate back pay. CF-1, Tab 5, Recommendation at 3. The case was referred to the Board's Office of General Counsel to obtain compliance.

¶4      On September 27, 2012, the agency filed evidence of purported compliance. Specifically, the agency stated that it canceled the appellant's 30-day suspension, as ordered; restored him to duty effective August 1, 2005; expunged all references to the suspension from his records; placed him in work status rather than paid administrative leave for the period during which the suspension had been in effect; and paid him appropriate back pay, with interest, and benefits. MSPB Docket No. AT-0752-05-0901-X-1, Compliance Referral File (CRF-1), Tab 3 at 4-5; *see* CRF-1, Tabs 4-12.

¶5      The appellant did not file a response. However, as part of his compensatory damages appeal, which was pending at the same time as the compliance referral matter, the appellant raised various claims of agency noncompliance with the April 25, 2012 Final Order, including claims that the agency failed to pay him appropriate back pay and interest. CD File, Tab 15 at 12. The administrative judge declined to address these claims as part of the compensatory damages appeal and informed the appellant he could file a separate petition for enforcement.

Second Petition for Enforcement

¶6      On October 25, 2012, in response to the administrative judge's order, the appellant filed a second petition for enforcement raising the enforcement claims

he had attempted to present in his compensatory damages case. On February 13, 2013, the administrative judge issued a compliance initial decision finding the agency noncompliant with the Final Order. CF-2, Tab 4, Compliance Initial Decision. The administrative judge ordered the agency to perform the following actions:

1. Submit the name and address of the responsible agency official;

2. Retroactively award the appellant, with interest, a Superior Contribution Increase (SCI);

3. Pay the appellant $1,850.75, with interest and any other benefits that would have accrued had his temporary promotion properly been extended 90 days;

4. Pay the appellant a $1,500 cash award, with interest;

5. Restore 472 hours of sick leave;

6. Destroy and expunge from all records associated with the appellant the Report of Investigation (ROI) maintained by the agency's Security Division, and "do all within its power to undo the negative consequences that have flowed from its divulgence of the ROI"; and

7. Retroactively promote the appellant to the appropriate level of the J-Band.

Compliance Initial Decision at 8-9.

Remaining Issues

¶7       The Board has issued multiple orders and held several telephone conferences narrowing the issues in these cases. *E.g.*, CRF-1, Tabs 7, 10, 17. On November 8, 2016, the Board's Office of General Counsel held a telephone conference with the parties during which the parties agreed that all issues had been resolved except one: the question of when the appellant should have been paid his 2007 Organizational Success Increase (OSI). CRF-1, Tab 37 at 4 (the appellant asserting that the agency remains noncompliant on this single issue). Accordingly, we find the agency in compliance on all other issues and address the 2007 OSI below.

**ANALYSIS**

¶8    When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶9    Here, the parties agree that as part of his back pay, the appellant was properly paid a 2.7% OSI, which amounted to $302.40, in January 2007. CRF-1, Tab 37 at 4. However, the parties dispute how the OSI was paid out. The appellant contends that because the OSI was effective January 7, 2007, it should have been paid as part of his paycheck for pay period 2 (which began January 7, 2007). *Id.* Instead, it was actually calculated and paid as of January 30, 2007, which fell in pay period 3. Thus, the appellant's back pay from pay period 3 forward reflects an additional $50.40 due to the OSI. *Id.* at 4-5. The appellant contends that the increase should have been paid in pay period 2 and that the agency therefore owes him $50.40 plus interest. *Id.* at 6.

¶10    The agency does not dispute these dates, but asserts that the 2007 OSI was properly paid to the appellant as of January 30, 2007, (in pay period 3) because the same payment method was used for every other employee. CRF-1, Tab 38 at 4-5. The agency submitted documents showing that for all eligible employees, the 2007 OSI was effective January 7, 2007, but not paid out until January 30, 2007. CRF-1, Tab 36 at 11, 14. The appellant does not appear to dispute that his 2007 OSI was paid in the same manner as for all other eligible employees.

CRF-1, Tab 37 at 2 ("[T]he fact that the 2007 OSI was not paid to other employees until mid-PP3 is irrelevant."). Rather, he asserts that he should have been paid differently because his OSI came as a result of his back pay. *Id.*

¶11 We disagree. The purpose of back pay is to place the employee in the financial position he would have occupied in the absence of the improper personnel action. *See House*, [98 M.S.P.R. 530](), ¶ 9. Here, it is plain from the agency's documents—and the appellant does not dispute—that had he received the 2007 OSI contemporaneously, it would have been calculated and paid exactly like those of other employees, and indeed exactly as the agency calculated and paid it as part of his back pay. We see no error in the agency's determination that the appellant's back pay should mirror, as nearly as possible, the payment he would have received absent the improper personnel action. Accordingly, we find the agency in compliance on this issue and dismiss the petitions for enforcement.

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at [5 C.F.R. §§ 1201.201](), 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you

do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.